**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cv-23976-ALTMAN

FEDERAL TRADE COMMISSION,

   Plaintiff,

v.

 ECOM GENIE CONSULTING LLC, et al.

   Defendants and Relief Defendants.

**JOINT MOTION OF THE FEDERAL TRADE COMMISSION AND WESSAM BAIZ, BAIZ SALES, LLC, AND SALESPRENEURS, LLC FOR ENTRY OF STIPULATED PRELIMINARY INJUNCTION AS TO WESSAM BAIZ, BAIZ SALES, LLC, AND SALESPRENEURS, LLC**

Plaintiff, the Federal Trade Commission ("FTC"), and Defendant Wessam Baiz and Relief Defendants Baiz Sales, LLC and Salespreneurs, LLC (the "Baiz Defendants") jointly move the Court, pursuant to Federal Rule of Civil Procedure 65, for entry of a Stipulated Preliminary Injunction as to Wessam Baiz, Baiz Sales, LLC, and Salespreneurs, LLC pending the outcome of this litigation. Because Plaintiff has demonstrated that balancing the equities favors an injunction and that it is likely to succeed on the merits, a preliminary injunction is appropriate. *See FTC v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1075 (11th Cir. 2021).

**Memorandum of Law**

On October 15, 2024, the FTC filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) [ECF No. 1], and moved, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against defendants Ecom Genie

1

Consulting LLC; Lunar Capital Ventures LLC; Profitable Automation, LLC;  Steven J. Mayer; Trevor Duffy Young; and Wessam Baiz; and relief defendants Alpine Management Group Inc.; Baiz Sales, LLC; Salespreneurs, LLC; and Vicenza Capital Corp. [ECF No. 5].  As part of that filing, Plaintiff submitted more than 2,000 pages of exhibits—comprised of 17 declarations from consumers, two FTC investigators, a data analyst and an expert—in support of its argument that Defendants' conduct violates Section 5(a) of the FTC Act and the Business Opportunity Rule, and issuance of an *ex parte* TRO is warranted to prevent ongoing harm and preserve evidence and assets for effective relief.  Since then, the record has only grown.  [*See* ECF Nos. 34, 35.]

On October 21, 2024, after an *ex parte* hearing [ECF No. 12], the Court issued an *ex parte* Temporary Restraining Order [ECF No. 13]. On October 22, 2024, the Court issued the Second Amended *Ex Parte* Temporary Restraining Order ("TRO") that includes an asset freeze, appointment of a temporary receiver, and other equitable relief [ECF No. 15].

Each of the Defendants and Relief Defendants in this action has been properly served with a summons, the Complaint, and the Temporary Restraining Order.

On November 4, 2024, the Court held a hearing for defendants Lunar Capital Ventures LLC and Profitable Automation, LLC to show cause as to why a preliminary injunction should not issue. After the hearing, the Court entered a preliminary injunction against Lunar Capital Ventures LLC and Profitable Automation, LLC, [ECF. Nos. 38, 40] and granted the Plaintiff's and remaining Defendants' joint motion to extend the TRO as to those eight defendants until December 4, 2024, and setting a show cause hearing for the same day. [ECF No. 39].

Plaintiff and the Baiz Defendants are now engaged in settlement discussions, and herein jointly move for entry of a stipulated preliminary injunction to remain in place pending a final resolution of this case.  Such an injunction is authorized by 15 U.S.C. § 53(b), which allows the Court to enjoin practices in violation of any law enforced by the FTC. Moreover, the Court has

2

already determined that it is authorized to enter, and the FTC has met the standard to demonstrate that it is entitled to, a TRO. [ECF Nos. 12, 15]. The relief in the proposed stipulated preliminary injunction largely follows the substantive provisions of the TRO (and the existing preliminary injunctions as to Defendants Lunar Capital Ventures LLC and Profitable Automation, LLC [ECF No. 40] and Trevor D. Young [ECF No. 59]). In addition, the FTC and the Baiz Defendants have agreed to a limited release of up to $5,000 of Baiz's frozen assets to cover attorneys' fees in this litigation. *See* Section IV.

The FTC and the Baiz Defendants therefore jointly move this Court for entry of the Stipulated Preliminary Injunction (attached as a proposed order to this Motion) so that the parties can conserve resources to focus on resolving this matter instead of preparing for a contested preliminary injunction hearing.

Date: November 21, 2024                                 Respectfully submitted,

    /s/ *Molly Rucki*
Sara Tonnesen
MD Bar No. 1312190241
Special FL Bar No. A5503266
Molly Rucki
D.C. Bar No. 1616852
Special FL Bar No. A5503265
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8543
Washington, DC 20580
(202) 326-2879; stonnesen@ftc.gov
(202) 326-3774; mrucki@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

*/s/ Andrew Cove*
Andrew N. Cove
COVE LAW, P.A.
1300 SE 4th Avenue, #1

Fort Lauderdale, FL 33316
T. 954-921-1121
E. anc@covelaw.com
W. covelaw.co

James A. Peterson, Esq.
PETERSON LEGAL P.A.
401 East Las Olas Boulevard
Suite 130-550
Fort Lauderdale, Florida 33301
(754) 444-8076
James@PetersonLegal.co

Attorneys for Defendants Wessam Baiz and Relief Defendants Baiz Sales, LLC and Salespreneurs, LLC

5

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of November 2024, I caused a true and correct copy of the foregoing document to be electronically filed and served on all parties with counsel of record via the Court's CM/ECF system.

                                                                */s/ Molly Rucki*
                                                                Molly Rucki
                                                                Attorney for Plaintiff