UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23976-ALTMAN/Lett

**FEDERAL TRADE COMMISSION**,

    *Plaintiff*,

v.

**ECOM GENIE CONSULTING LLC**, *et al.*,
    *Defendants.*
_____/

### STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO TREVOR DUFFY YOUNG

The Federal Trade Commission ("FTC"), our Plaintiff, filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b. *See* [ECF No. 1]. The FTC and Defendant Trevor Duffy Young (through counsel) have filed a Joint Motion to stipulate to the entry of this Order for Permanent Injunction, Monetary Judgment, and Other Relief to resolve all matters in dispute in this action between them. *See* Joint Motion for Entry of Stipulated Order [ECF No. 81].

Accordingly, we **ORDER and ADJUDGE** that the Joint Motion [ECF No. 81] is **GRANTED**. It is further **ORDERED** as follows:

### FINDINGS

    1.    This Court has jurisdiction over this matter.

    2.    The Complaint charges that Young participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing and selling of e-commerce business opportunities by making false or unsubstantiated earnings claims and violating multiple trade regulation rule provisions.

    3.    The FTC has sufficiently demonstrated that Young has engaged in and is likely to

engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities", 16 C.F.R. Part 437, as amended, and that Plaintiff is therefore likely to prevail on the merits of this action. The FTC has established a likelihood of success in showing that Young has made false or unsubstantiated statements, and engaged in other unfair or deceptive acts or practices in the marketing of business opportunities.

4. The FTC has sufficiently demonstrated that Defendants in this case have taken at least $13.9 million from consumers in connection with their unlawful practices.

5. Young neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Young admits the facts necessary to establish jurisdiction.

6. Young waives and releases any claims that he may have against the FTC, including any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

7. Young and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Assisting Others**" includes the following:

1. performing customer service functions, including receiving or responding to consumer complaints;

2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail

       solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    3. formulating or providing or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet website, affiliate marketing services, or media placement services;

    4. providing names of, or assisting in the generation of, potential customers;

    5. performing marketing, billing, payment processing, or payment services of any kind; or

    6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. "**Business Opportunity**" means a commercial arrangement in which:

    1. A seller solicits a prospective purchaser to enter into a new business; and

    2. The prospective purchaser makes a required payment; and

    3. The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:

       i. Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or

      ii. Provide outlets, accounts, or customers, including Internet outlets, accounts, or customers, for the purchaser's goods or services; or

      iii. Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

C.  "**Defendants**" means Ecom Genie Consulting LLC; Lunar Capital Ventures LLC; Profitable Automation, LLC; Steven J. Mayer; Trevor Duffy Young; and Wessam Baiz; and relief defendants Alpine Management Group Inc.; Baiz Sales, LLC; Salespreneurs, LLC; and Vicenza Capital Corp.

D.  "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include, but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

E.  "**Receiver**" means Mark Bernet, the receiver appointed in Section XI of the Preliminary Injunctions entered as to each Defendant and Relief Defendant [ECF Nos. 40, 59, 63, and 64], and any deputy receivers that shall be named by the receiver.

F.  "**Young**" means Defendant Trevor Duffy Young.

## ORDER

### I.  BAN ON SELLING AND MARKETING BUSINESS OPPORTUNITIES

**IT IS ORDERED** that Young is permanently restrained and enjoined from advertising, marketing, promoting, distributing, or offering for sale, or Assisting Others in the advertising, marketing, promoting, distributing, or offering for sale of, any Business Opportunity.

### II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Young, and his agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the

advertising, marketing, promoting, or offering for sale of any goods or services, are permanently restrained and enjoined from:

A. Making any Earnings Claims, or Assisting Others in making any Earnings Claims, to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claim is made, Young (1) has a reasonable basis for the claim; (2) has in his possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) makes the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser or investor, or the FTC;

B. Making, or Assisting Others in making, false or unsubstantiated testimonials about Defendants or any companies advertised by Defendants, or failing to disclose that positive reviews of, and testimonials about, Defendants or companies advertised by Defendants were made by Defendants' current or former owners, officers, employees, affiliate marketers or agents;

C. Misrepresenting, or Assisting Others in misrepresenting, terms or conditions of refund or cancellation policies in the marketing of a goods or services; and

D. Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as:  the total costs; the amount of time necessary to achieve the represented results; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of six million twenty-four thousand two hundred and eleven dollars **($6,024,211**) is entered in favor of the FTC against Young as monetary relief.  Young's liability for the judgment shall be joint and several with any other Defendants or others to the extent subsequently ordered.

B. In partial satisfaction of the judgment against Young, within seven (7) days after the entry of this Order:

    a. Intuit Inc. is ordered to transfer to the FTC, by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the FTC, all funds held in the following account:

        i. Quickbooks Checking ending x6257 in the name of Profitable Distribution

    b. Intuit Inc. is further ordered to transfer to the FTC, by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the FTC, all funds in excess of $10,000 held in the following account:

        i. Quickbooks Checking ending x2155 in the name of Forever Young Marketing LLC

    c. Green Dot Corporation is ordered to transfer to the FTC, by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the FTC, all funds held in the following accounts:

        i. Direct deposit number ending x4391 in the name of Trevor Young

        ii. Direct deposit number ending x9698 in the name of Trevor Young

    d. Wright Patterson Credit Union is ordered to transfer to the FTC, by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the FTC, all funds held in account x8088 in the name of Trevor Duffy Young.

    e. JPMorgan Chase is ordered to transfer to the FTC, by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the FTC, all funds held in account x6129 in the name of Profitable

6

Distribution.

C. Upon completion of the payment and transfers identified in Subsection B, the remainder of the judgment against Young is suspended, subject to the Subsections below.

D. The FTC's agreement to the suspension of part of the judgment against Young is expressly premised upon the truthfulness, accuracy, and completeness of Young's sworn financial statement and related documents (collectively "financial attestations") submitted to the FTC, including:

   a. The Financial Statement of Individual Defendant Trevor Duffy Young, dated October 28, 2024, including the attached bank statements and tax returns;

   b. Supplemental Statement of Trevor Duffy Young pursuant to § IV.C. of Temporary Restraining Order, dated October 28, 2024; and

   c. Statement of Trevor Duffy Young pursuant to § VI(C) of Temporary Restraining Order, dated October 28, 2024.

E. The suspension of the judgment will be lifted as to Young if, upon motion by the FTC, the Court finds that Young failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to Young in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G. Young relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.      Young acknowledges that his Social Security Number, which he previously provided to the FTC, may be used for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

K.      All money received by the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the FTC may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury.  Young has no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

L.      The freeze of Young's assets imposed under Section III of the Stipulated Preliminary Injunction issued on November 21, 2024 (ECF No. 59), is modified to permit the payment and transfers identified in Subsection B of this Section. Upon completion of such payments and/or transfers, the asset freeze imposed under the Preliminary Injunction Order is dissolved as to Young including, but not limited to, the following accounts:

        a.    Venmo account with username @Duffy-Young; and

        b.    Mercury account x8828 in the name of Profitibull LLC.

    M.    Young must fully cooperate with the FTC as to the asset freeze. Young must take all steps reasonably necessary to assist in the transfer of each asset identified in Subsection B. If required to execute appropriate documents to transfer any asset identified in Subsection B, Young must execute such documents within three days of a written request from a representative of the FTC.

## IV. BAN ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Young, and his agents, employees, and attorneys, and all other persons in active concert or participation with him are permanently restrained and enjoined from directly or indirectly:

    A.    Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress. Young represents that he has provided this redress information to the FTC, including all information in his possession, custody, and control. If a representative of the FTC requests in writing any information related to redress, Young must provide it, in the form prescribed by the FTC, within 14 days;

    B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of any good or service; and

    C.    Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

Case 1:24-cv-23976-RKA   Document 83   Entered on FLSD Docket 03/19/2025   Page 10 of 18

## V.  COOPERATION

**IT IS FURTHER ORDERED** that Young must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Young must provide truthful and complete information, evidence, and testimony.  Young must appear for interviews, discovery, hearings, trials, and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## VI. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Young obtain acknowledgments of receipt of this Order:

A. Young, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, Young, for any business that he is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Young delivered a copy of this Order, Young must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Trevor Duffy Young make timely submissions to the FTC:

A.  One year after entry of this Order, Young must submit a compliance report, sworn under penalty of perjury:

1.  Young must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with him; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (d) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (e) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (f) describe in detail whether and how he is in compliance with each Section of this Order; and (g) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

B.  For 10 years after entry of this Order, Young must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Young must report any change in:  (a) name, including aliases or fictitious name, or residence address; (b) any designated point of contact; (c) title or role in any business activity, including any business for which Young performs services whether as an employee or otherwise and any entity in which Young has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; or (d) the structure of any

entity that Young has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Young must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Ecom Genie Consulting LLC et al. (Trevor Duffy Young), No. 24-cv-23976 (X250005).

## VIII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Young must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Young for any business that he is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates

of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.  a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Young's compliance with this Order, including the financial representations upon which the judgment was suspended and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the FTC, Young must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the FTC is authorized to communicate directly with Young. The FTC will use reasonable efforts to also communicate with or copy any known counsel. Young must permit representatives of the FTC to interview any employee or other person affiliated with Young who has agreed to such an interview. The person interviewed may have counsel present.

C.  The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Young or any individual or entity affiliated with him, without the necessity of identification or prior notice. Nothing in this Order limits the

FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Young, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in the Southern District of Florida on March 17, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

SO STIPULATED AND AGREED:

FOR PLAINTIFF:

FEDERAL TRADE COMMISSION

_____     Date: __3/14/25__
Sara Tonnesen
Molly Rucki
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8543
Washington, DC 20580
(202) 326-2879; stonnesen@ftc.gov
(202) 326-3774; mrucki@ftc.gov


DEFENDANT TREVOR DUFFY YOUNG:

_____     Date: __01/14/2025__
Trevor Duffy Young

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cv-23976-ALTMAN

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>     Plaintiff,<br><br>     v.<br><br>Ecom Genie Consulting LLC, et al.<br><br>     Defendants. | **ACKNOWLEDGMENT BY DECLARATION OF RECEIPT OF ORDER BY TREVOR DUFFY YOUNG** |

      1.      My name is Trevor Duffy Young.  I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

      2.      I was a Defendant in FTC v. Ecom Genie Consulting LLC, et al., which is the court case listed near the top of this page.

      3.      On [_____ __, 202_], I received a copy of the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Trevor Duffy Young, which was signed by the Honorable Roy Altman and entered by the Court on [_____, 202_].  A true and correct copy of the Order that I received is attached to this Acknowledgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____, ___ 202__      _____
                                                                          Trevor Duffy Young

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>   Plaintiff,<br><br>      v.<br><br>ECOM GENIE CONSULTING LLC, a limited liability company;<br><br>LUNAR CAPITAL VENTURES LLC, a limited liability company, also dba Lunar Automation;<br><br>PROFITABLE AUTOMATION, LLC, a limited liability company;<br><br>STEVEN J. MAYER, individually and as an officer and owner of Lunar Capital Ventures LLC and Ecom Genie Consulting LLC;<br><br>TREVOR DUFFY YOUNG, individually and as an officer of Profitable Automation, LLC; and<br><br>WESSAM BAIZ, individually;<br><br>   Defendants, and<br><br>ALPINE MANAGEMENT GROUP INC., a corporation;<br><br>BAIZ SALES, LLC, a limited liability company;<br><br>SALESPRENEURS, LLC, a limited liability company; and<br><br>VICENZA CAPITAL CORP., a corporation, formerly known as STEVEN MAYER LUX CORP., a corporation;<br><br>   Relief Defendants. | Case No. _____<br><br>**ACKNOWLEDGMENT BY DECLARATION OF RECEIPT OF ORDER BY A NON PARTY** |

      I, _____, received a copy of the Stipulated Order for

Permanent Injunction, Monetary Judgment, and Other Relief as to Trevor Duffy Young, in *FTC v.*

*Ecom Genie Consulting, et. al*, on _____ \_\_\_\_\_, 202\_\_.

I was not a Defendant in that court case. My title or relationship with Defendant(s) _____ is _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ ____, 202__

Signed:


_____