UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23976-ALTMAN/Lett

FEDERAL TRADE COMMISSION,

 *Plaintiff*,

*v.*

ECOM GENIE CONSULTING LLC, *et al.*,

 *Defendants.*

_____/

## ORDER ON RECEIVER'S APPLICATION FOR PAYMENT

On October 21, 2024, we appointed Mark Bernet as receiver so he could "[a]ssume full control" over certain entities suspected of violating the Federal Trade Commission Act. *See* Order Granting Temporary Restraining Order and Appointing Receiver ("Receivership Order") [ECF No. 14] at 15. We held that "the Receiver and all personnel hired by the Receiver as herein authorized . . . are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them[.]" *Id.* at 24. Pursuant to our Receivership Order, the Receiver now requests payment for himself and for his primary law firm, Akerman LLP, for services rendered and costs incurred "during the period from the commencement of this case through and including June 30, 2025." Receiver's Application for Payment for Services Rendered ("Receiver's Application") [ECF No. 116] at 1; Receiver's Application for Payment for Services Rendered by Akerman LLP ("Akerman's Application") [ECF No. 117] at 1. No party objects to the fees and costs the Receiver is seeking. *See* Receiver's Application at 14; Akerman's Application at 11. After careful review, we **GRANT** the Receiver's Application and **GRANT in part** and **DENY in part** Akerman's Application.

### THE LAW

Receivers are entitled both "to compensation for the work they performed" and reimbursement "for the actual and necessary expenses they incurred in the performance of their duties." *F.T.C. v. Direct Benefits Grp., LLC*, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013) (Antoon, J.) (citing *S.E.C. v. Elliott*, 953 F.3d 1560, 1567, 1576–77 (11th Cir. 1992)). "The party seeking attorney's fees bears the burden of establishing entitlement and reasonableness. The movant must supply the Court with detailed records showing the amount of time spent on the claim, as well as the nature of the activity at each stage of the case." *Sec. & Exch. Comm'n v. BK Coin Mgmt., LLC*, 2024 WL 4697686, at *2 (S.D. Fla. Oct. 22, 2024) (Goodman, Mag. J.) (first citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); and then citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)), *report and recommendation adopted*, 2024 WL 4692191 (S.D. Fla. Nov. 6, 2024) (Scola, J.)). Federal courts use the "lodestar method" to "determin[e] a reasonable fee award." *Id.* at *3. This method requires us "to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

### ANALYSIS

We'll begin with the Receiver's Application. The Receiver wants authorization "to pay himself $160,992.00 for his services rendered as receiver" and to pay his Deputy Receiver, Daniel Bernet, "$550 for his services[.]" Receiver's Application at 2. The fees requested "by the Receiver represent 335.4 hours expended . . . at a proposed hourly rate of $480.00," and "[t]he Deputy Receiver's requested fees represent 11.0 hours expended at a proposed hourly rate of $50." *Ibid.* The Receiver "also requests authority to reimburse himself $4,255.70 for costs and expenses occurred." *Ibid.*

We find both the hourly rate and the hours expended reasonable and not "excessive, redundant, or otherwise unnecessary[.]" *Norman*, 836 F.2d at 1301. The Receiver provided us with extremely detailed billing records, *see* Receiver Invoice [ECF No. 116-1], which show that he spent

considerable time: (1) "taking control of the Receivership Entities," their assets, and their electronically stored information; (2) deposing the Defendants and "reviewing and analyzing [their] financial records"; (3) "participating in contempt proceedings"; and (4) participating in a lawsuit in Alberta, Canada, to "enjoin[ ] [the Defendants] and . . . their Canadian entities from disposing of or encumbering" certain real property, Receiver's Application at 4–6. The Receiver's hourly rate of $480.00 is also "below the market rate in Miami" and is a steep discount from his normal hourly rate. *Id.* at 11; *see also, e.g.*, *Direct Benefit Grp.*, 2013 WL 6408379, at *3 n.2 (finding a rate of "$480 per hour" "reasonable"); *S.E.C. v. Mutual Benefits Corp.*, 2009 WL 4640654, at *3 (S.D. Fla. Dec. 7, 2009) (Moreno, C.J.) ("[T]he Court believes that $450 per hour is a reasonable rate in this case in the Southern District of Florida."). The Deputy Receiver, on the other hand, was principally tasked with "securing ESI from the Defendants' cloud servers" and is seeking a very modest hourly rate for only 11 hours of work. Receiver's Application at 9; *see also* Deputy Receiver Time Records [ECF No. 116-2] at 2. Since other ESI specialists would likely charge a much higher rate for similar work, we'll authorize the Receiver to pay the Deputy Receiver in full. *Cf. Fed. Trade Comm'n v. Student Debt Doctor LLC*, 2018 WL 4922465, at *1 (S.D. Fla. Jan. 11, 2018) (Snow, Mag. J.) (finding "the rate for paralegals [of] $75.00–$100.00 per hour" and the rate for "the computer/ESI specialist" of $250.00 reasonable).

We also find all the Receiver's costs and expenses reasonable. These costs are composed of "travel-related expenses for himself, the cost of a locksmith to secure the warehouse facility in Ft. Lauderdale, and two Federal Express charges." Receiver's Application at 13; *see also* Receiver Invoice at 11; Itemized Receipts [ECF No. 116-3] at 2–33. Since the Receiver is "entitled to be reimbursed for the actual and necessary expenses [he] incurred in the performance of [his] duties[,]" we'll authorize the Receiver to reimburse himself for all these incurred costs. *Direct Benefits Grp.*, 2013 WL 6408379, at *3; *see also Commodity Futures Trading Comm'n v. Traders Domain FX Ltd.*, 2025 WL 1433782, at *2 (S.D. Fla. May 9, 2025) (Altman, J.) (same).

The Receiver also "requests payment of $27,072.00 in fees, and reimbursement of $4,048.42 for expenses incurred," for the benefit of Akerman. Akerman's Application at 1. The Receiver "relied on the assistance of Akerman paralegals Sal Papsidero and Mary McLees to assist him with discrete matters"—namely, to "contact[ ] financial institutions to assist with the transfer of documents, ESI and money to the Receiver[,]" to "arrange[ ] for service of records subpoenas on third parties," and to "handl[e] the majority of the communications with injured consumer victims[.]" *Id.* at 4–6. Ms. Papsidero "recorded a total of 11.1 hours" and charged "an hourly rate of $320[,]" *id.* at 5, whereas Ms. McLees "recorded a total of 73.5 hours" and likewise charged an hourly rate of $320, *id.* at 6; *see also* Akerman Invoice [ECF No. 117-1] at 2–9. Akerman also "incurred reimbursable expenses totaling $4,048.42" for "Federal Express or UPS overnight deliveries, court reporter fees, the premium for the Receiver's bond required by the court, and service of process fees." Akerman's Application at 11; *see also* Akerman Invoice at 10.

We affirm the reasonableness of the hours Akerman spent and the costs it incurred for all the same reasons we gave when we granted the Receiver's Application. *See ante*, at 2–3. Unfortunately, we have reservations about the reasonableness of Ms. Papsidero's and Ms. McLees's hourly rates. The Receiver tells us that both paralegals have agreed to reduce their rates far below Akerman's 2025 hourly rates for paralegals. *See* Akerman's Application at 9 ("On the subject of hourly rates, the Receiver reports that Akerman's 2025 standard hourly rates for its South Florida Paralegals (Ft. Lauderdale, Miami, West Palm Beach) range from $420 to $495, while the rates for its Tampa paralegals range from $385 to $400."). The Receiver also provided the Affidavit of Brian P. Miller, a partner at King & Spalding's Miami office, who opines that "litigation paralegals with the same level experience as [Ms. McLees and Ms. Papsidero] routinely charge between $400 and $550 per hour in the Miami and South Florida legal markets." Miller Affidavit [ECF No. 117-2] ¶ 5. Be that as it may, no judge in the Southern District of Florida has approved such a high rate for paralegals—even for

those with decades of experience. *See, e.g.*, *McDonald v. City of Pompano Beach, Fla.*, 2025 WL 1031553, at *5 (S.D. Fla. Mar. 20, 2025) (Strauss, Mag. J.) (reducing paralegal's hourly rate from $175.00 to $125.00); *Caldwell v. Seychelles Ltd., LLC*, 2024 WL 4202125, at *3 (S.D. Fla. Aug. 16, 2024) (Augustin-Birch, Mag. J.) ("From the Court's own knowledge and review of hourly rates recently found for paralegals within this District, the Court concludes that courts generally only find hourly rates between $100 to $150 to be reasonable for paralegals, with an hourly rate of $150 reserved as the highest amount for paralegals with considerable experience."); *Ramirez v. Rosalia's Inc.*, 2023 WL 3930726, at *5 (S.D. Fla. June 9, 2023) (Damian, Mag. J.) ("Although the requested hourly rate is on the higher side for paralegals in South Florida, the Court observed Ms. Novick [was] . . . an instrumental part of Plaintiff's trial team. Therefore, the Court finds that an hourly rate of $150 is appropriate under the circumstances presented in this case."). We therefore reduce Akerman's hourly rate for its paralegals from $320.00 to $150.00. When applied to the 84.6 hours of recorded billable time, Akerman is entitled to $12,690.00 in fees.

In sum, we **ORDER AND ADJUDGE** that the Receiver may pay from the recovered receivership assets the following fees and expenses:

1. The Receiver's Application [ECF No. 116] is **GRANTED**. The Receiver is entitled to $160,992.00 in fees and $4,255.70 in expenses for services he rendered from October 21, 2024, through June 30, 2025. The Deputy Receiver is entitled to $550.00 in fees for his services.

2. Akerman's Application [ECF No. 117] is **GRANTED in part** and **DENIED in part**. The sum of $12,690.00 in fees and $4,048.42 in expenses shall be paid to Akerman LLP for its services to the Receiver from October 21, 2024, through June 30, 2025.

**DONE AND ORDERED** in the Southern District of Florida on July 30, 2025.

 

 

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record